UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO:  CV-

| | |
|---|---|
| JOSEPH H. PINCKNEY, an individual ) | |
| Plaintiff ) | |
| v. ) | COMPLAINT |
| ALLIED INTERSTATE, INC. ) | |
| and ) | |
| ALLIED INTERSTATE, LLC ) | |
| Defendant ) | JURY TRIAL DEMANDED |

## COMPLAINT

### I.  JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

### II.  PARTIES

3. Plaintiff, Joseph H. Pinckney ("Plaintiff"), is a natural person who resides at 1719 Wharton Street, Philadelphia, PA 19146 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.      Defendant, Allied Interstate, Inc. is upon information and belief, a corporation whose registered agent is CT Corporation System, 1300 East Ninth Street, Cleveland, OH 44114, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.      Defendant, Allied Interstate, LLC is, upon information and belief, a limited liability company whose principal executive office address is 12755 State Highway 55, Suite 300, Plymouth, MN 55441, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

7.      At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

8.      Defendants Allied, Inc and Allied, LLC (collectively referred to as "Allied" or "Defendants"), at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts,

used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III.  FACTUAL ALLEGATIONS

9. In a letter to Plaintiff dated August 8, 2011, Defendant Allied, LLC alleges that Plaintiff owes a debt to original creditor HSBC Bank Nevada N.A.  This was Defendant Allied LLC's initial communication with Plaintiff.  A true and correct copy of the aforestated letter is attached hereto as Exhibit "A".

10. On December 1, 2011, Plaintiff sent Defendant Allied, LLC a cease and desist letter via certified mail, return receipt requested, which was delivered to Defendant Allied, LLC on December 12, 2011.  A true and correct copy of the cease and desist letter and proof of delivery is attached hereto as Exhibit "B".

11. Despite receiving Plaintiff's cease and desist letter, Plaintiff's telephone records indicate that the following calls were made to Plaintiff by Defendants in violation of the FDCPA:

> December 28, 2011 – 4 calls received at 7:42 p.m.
>
> December 29, 2011 – 4 calls received at 8:53 a.m.
>
> December 30, 2011 – calls received at 8:28 a.m., 10:20 a.m., 11:44 a.m., 2:05 a.m., and 7:07 p.m.
>
> January 2, 2012 – call received at 8:32 a.m.

A true and correct copy of Plaintiff's call log is attached hereto as Exhibit "C".

### IV. CAUSES OF ACTION

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. section 1692, et seq.**

12.     Plaintiff incorporates his allegations of paragraphs 1 through 11 as though set forth at length herein.

13.     Defendants' actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

    (a)     Defendants violated 15 U.S.C. § 1692c(c) by continuing to contact consumer after written notification that consumer wants collector to cease communication.

    (b)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

    (c)     Defendants violated 15 U.S.C. § 1692d(5) by causing the consumer's phone to ring repeatedly.

    (d)     Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

    (e)     Defendants violated 15 U.S.C. § 1692g by failing to send the consumer a 30-day validation notice within five days of the initial communication.

14.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

15.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

16.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

17. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

20. As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joseph H. Pinckney, prays that judgment be entered against each and every Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

**COUNT II**
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT**
**(FCEUA, 73 Pa. C.S § 2270.1, et. seq.**

21.     Plaintiff incorporates his allegations of paragraphs 1 through 20 as though set forth at length herein.

22.     Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joseph H. Pinckney, prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendants violated the FCEU;

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

### COUNT III
### VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
### ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

23.     Plaintiff incorporates his allegations of paragraphs 1 through 22 as though set forth at length herein.

24.     Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

25.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

26.     Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joseph H. Pinckney, prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendants violated the UTCPL

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

### V.  DEMAND FOR JURY TRIAL

27.     Plaintiff incorporates by reference paragraph 1 through 26 of this Complaint as though fully set forth herein.

28.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*
_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff

Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

*Attorney for Plaintiff, Joseph H. Pinckney*